J-S73028-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAYSON MELENDEZ-BONILLA | : | |
| | : | |
| Appellant | : | No. 1304 MDA 2019 |

Appeal from the PCRA Order Entered July 17, 2019
In the Court of Common Pleas of Berks County Criminal Division at
No(s):  CP-06-CR-0003537-2011

BEFORE:  SHOGAN, J., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY LAZARUS, J.:                **FILED JANUARY 15, 2020**

Jayson Melendez-Bonilla appeals *pro se* from the trial court's order dismissing, as untimely, his second petition filed pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9514-9546.  We affirm.

Following a jury trial, Melendez-Bonilla was found guilty of four counts each of assault of a law enforcement officer, aggravated assault, simple assault, recklessly endangering another person (REAP), and one count each of criminal attempt to commit homicide, possession of a firearm prohibited, and firearms not to be carried without a license.  The charges arose as a result of Melendez-Bonilla firing four shots from a .32 caliber revolver at Reading police officers in June 2011.  Melendez-Bonilla was sentenced on February 2, 2012, to an aggregate term of 80 to 160 years' incarceration.  On March 21, 2013, our Court affirmed Melendez-Bonilla's judgment of sentence.  On

November 7, 2013, the Pennsylvania Supreme Court denied Melendez-Bonilla's petition for allowance of appeal.

On January 31, 2014, Melendez-Bonilla filed a *pro se* PCRA petition. Counsel was appointed and filed a no-merit letter pursuant to **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) and **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988). Melendez-Bonilla filed an amendment and addendum to his petition on May 20, 2015. The court granted counsel's petition to withdraw and, on May 29, 2015, denied Melendez-Bonilla's PCRA petition. Melendez-Bonilla filed a collateral appeal and our Court affirmed the dismissal of his petition. On June 20, 2019, Melendez-Bonilla filed the instant PCRA petition, his second. On May 22, 2019, the trial court issued Pa.R.Crim.P. 907 notice of its intent to dismiss Melendez-Bonilla's petition; Melendez-Bonilla responded to the notice, raising substantially the same issues raised in his petition. On July 16, 2019, the trial court dismissed the petition. Melendez-Bonilla filed a timely *pro se* notice of appeal.

On appeal, Melendez-Bonilla argues that the trial court improperly dismissed his PCRA petition where the court "failed to recognize **FRAUD ON THE COURT**, which is an issue raised in [his] PCRA [petition] and ([t]he exceptions to the timeliness requirement), (i), (ii), and (iii)." Appellant's Brief, at 6. Melendez-Bonilla also references the recent 2018 amendment to 42

Pa.C.S. § 9545(b)(2)[1] (amended on October 24, 2018, effective in 60 days (Dec. 24, 2018)), that extended the time for filing a petition raising an exception from sixty days of the date the claim could have been presented, to one year.

Instantly, Melendez-Bonilla's judgment of sentence became final on February 7, 2014, when the time expired for him to file a petition for *certiorari* with the United States Supreme Court. **See** 42 Pa.C.S.A. § 9545 (b)(3); Sup. Ct. R. 13. Thus, he had until February 7, 2015, to file a timely PCRA petition. ***Id.*** at § 9545(b)(1). The instant petition was not filed June 20, 2019, more than four years later and, thus, is patently untimely. Unless Melendez-Bonilla can plead and prove a section 9545(b)(1) exception to the PCRA time bar, the trial court had no jurisdiction to consider his petition. ***See Commonwealth v. Williams***, 105 A.3d 1234, 1239 (Pa. 2014) (PCRA's time restrictions are jurisdictional in nature).

Despite his legal arguments and reference to section 9545(b)(2)'s amendment, Melendez-Bonilla cannot be saved from the fact that his petition was filed untimely and that he has neither pled nor proven an exception to

_____

[1] The amendment applies to claims arising on December 24, 2017, or thereafter. **See** Act 2018, Oct. 24, P.L. 894, No. 146, § 3.

the PCRA time bar.[2] **See** 42 Pa.C.S. § 9545(b)(1)(i)-(iii). Thus, we affirm the trial court's order dismissing Melendez-Bonilla's petition as untimely filed.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/15/2020

---

[2] Melendez-Bonilla's arguments involve the sufficiency of the evidence, prosecutorial misconduct, and counsel's alleged ineffectiveness for failing to file a motion *in limine* to strike a police officer's testimony from trial. None of these claims would even fall within the ambit of an exception. **Commonwealth v. Robinson**, 139 A,3d 178 (Pa. 2016) (under PCRA, couching post-conviction issues in terms of ineffectiveness of counsel cannot save untimely filed PCRA petition that does not fall into any exceptions to PCRA's jurisdictional time bar).